UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RICHARD FERRAND,

    Plaintiff,

v.

SHEFFIELD K CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, RICHARD FERRAND, files this lawsuit against SHEFFIELD K CONDOMINIUM ASSOCIATION, INC., and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff, Richard Ferrand ("Mr. Ferrand" or "Plaintiff") is a natural person who owned and resided at 251 Sheffield K, West Palm Beach, FL 33417 (the "Subject Property") at all times relevant to this civil action.

2. Defendant, Sheffield K Condominium Association, Inc. (the "Association" or "Defendant"), is a Florida not-for-profit corporation with a principal address and mailing address of 3070 S. Jog Road, Greenacres, FL 33467.

3. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 1446(b).

4. All conditions precedent to the filing of this action have been performed, have been waived, or have otherwise occurred.

5. In the event the Court finds a discriminatory practice has occurred, Plaintiff's counsel, the law firm of Weiss Serota Helfman Cole & Bierman, P.L. ("Weiss Serota"), is entitled to recover reasonable attorney's fees and costs from Defendant.

## GENERAL ALLEGATIONS

6. In 2018, Plaintiff resided in the Subject Property.

7. The Subject Property is located in a community that is governed by the Association.

8. In 2018, Plaintiff filed a Housing Discrimination Complaint against the Association bearing PBEO Case No. 1800231 and HUD Case No. 04-18-2588-8 (the "2018 Case").

9. In May of 2019, Plaintiff and the Association settled the 2018 Case by entering into a Conciliation Agreement that included both monetary and non-monetary relief in favor of Mr. Ferrand.

10. Subsequent to the settlement of the 2018 Case, the Association undertook numerous unlawful actions to retaliate against Plaintiff because Plaintiff had filed the 2018 Case.

11. In 2021, the Association installed two security cameras with video and audio functions in the front and rear of the Subject Property.

12. In January of 2022, the Association installed an additional security camera that directly faced the entry door to the Subject Property.

13. When Plaintiff asked the Association to reorient the additional security camera away from the entry door to the Subject Property, the Association refused.

14. The Association's actions of installing the security cameras and its refusal to reorient the security camera so that it would not face Plaintiff's entry door to the Subject Property, as referenced above in Paragraphs 11-13, were done in retaliation against Plaintiff for filing the 2018 Case.

15. Also subsequent to the settlement of the 2018 Case, the Association refused to allow Plaintiff to use a neighbor's parking space that the neighbor was not using and was convenient to Plaintiff, a physically disabled veteran, because it was closer to the Subject Property.

16. The President of the Association told the neighbor not to allow Plaintiff to park in the neighbor's parking space.

17. The President of the Association told the neighbor not to allow Plaintiff to park in the neighbor's parking space as retaliation for Plaintiff filing the 2018 Case.

18. In further retaliation for bringing the 2018 Case, the President of the Association informed other residents of the community about the 2018 Case and the 2019 settlement of the 2018 Case.

19. The Association, through the actions of its President, instructed the other residents of the community not to talk with Plaintiff because of the 2018 Case and the 2019 settlement.

20. Due to the numerous actions of retaliation and harassment by the Association against Plaintiff, as referenced above in Paragraphs 10 through 19, Plaintiff was forced to move out of the Subject Property and the community.

21. On April 27, 2022, Plaintiff filed a Complaint against the Association (the "2022 Case") with the Palm Beach County Commissioners Office of Equal Opportunity (the "OEO") bearing PBEO Case No. 2200147 due to the discriminatory practices described above in Paragraphs 10 through 19.

22. On May 4, 2022, the 2022 Case was dual filed with the U.S. Department of Housing and Urban Development ("HUD") bearing HUD Case No. 04-22-1215-8 due to the discriminatory practices described above in Paragraphs 10 through 19.

23. Pursuant to 42 U.S.C. § 3613(1)(B), the computation of the 2-year period to bring a claim under the Fair Housing Act shall not include any time during which an administrative proceeding is pending with respect to a complaint or charge based on upon such discriminatory housing practice.

24. Section 15-56 of the Palm Beach County Code provides in pertinent part:

*(a)   A civil action shall be commenced no later than two (2) years after the occurrence or the termination of an alleged discriminatory practice . . . .*

*(b)   The computation of such two-year period shall not include any time during which the investigation was pending with respect to the complaint under this article based upon such discriminatory practice.*

25. On June 28, 2024, the OEO concluded its investigation and issued a Notice of Determination of Reasonable Cause finding that the Association unlawfully discriminated against Plaintiff in violation of Section 15-58 of the Palm Beach County Code and Sections 804 and 818 of the Fair Housing Act.

26. From April 27, 2022, when the OEO Complaint was filed, until June 28, 2024, when the OEO investigation concluded, the statute of limitations was tolled pursuant to 42 U.S.C. § 3613(1)(B) and Section 15-56 of the Palm Beach County Code.

27. Plaintiff has timely filed this Complaint based on the tolling provisions of 42 U.S.C. § 3613(1)(B) and Section 15-56 of the Palm Beach County Code.

## COUNT I
## VIOLATION OF SEC. 15-58(11)
## PALM BEACH COUNTY CODE OF ORDINANCES

28. Plaintiff realleges and incorporates Paragraphs 1 – 27 as though fully set forth in Count I.

29. Plaintiff belongs to a class of persons protected from unlawful discrimination by the Section 15-58(11) Palm Beach County Code due to retaliation.

30. Section 15-58(11) of the Palm Beach County Code provides that it shall be an unlawful discriminatory housing practice:

*(11) To retaliate or discriminate in any manner against a person who has opposed a practice declared discriminatory by this article, or who has filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding, hearing or conference under this article.*

31. As described in great detail above in Paragraphs 8 through 20, the Association retaliated against Plaintiff for bringing the 2018 Case by: (1) installing two security cameras in the front and rear of the Subject Property, (2) installing an additional security camera that faced the entry door to the Subject Property, (3) refusing to reorient the additional security camera away from Plaintiff's entry door to the Subject Property, (4) refusing to allow a neighbor to allow Plaintiff to use the neighbor's parking space, and (5) informing other residents in the community not to talk with Plaintiff because of the 2018 Case that Plaintiff filed and the 2019 settlement that resulted from the 2018 Case.

32. The Association's actions of retaliation against Plaintiff for bringing the 2018 Case constitute an unlawful discriminatory housing practice, based on retaliation, in violation of Section 15-58(11) of the Palm Beach County Code.

33. The Association has unlawfully discriminated against Plaintiff in violation of Sec. 15-58(11) of the Palm Beach County Code.

34. As a direct result of the Association's discriminatory practices, Plaintiff has been damaged and is entitled to recover damages pursuant to Sec. 15-56 of the Palm Beach County Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant: (1) finding an unlawful discriminatory housing practice has occurred, (2) ordering the prohibition of the discriminatory practice, (3) providing affirmative

relief from the discriminatory practice, (4) awarding actual and punitive damages to Plaintiff pursuant to Sec. 15-56(d) of the Palm Beach County Code, (5) ordering Defendant to pay the reasonable attorney's fees and costs charged by Weiss Serota in bringing this action pursuant to the Palm Beach County Code, and (6) for such other and further injunctive and equitable relief in favor of Plaintiff and against Defendant that the Court deems just and proper.

## COUNT II
## VIOLATION OF SEC. 818 OF THE FAIR HOUSING ACT

35. Plaintiff realleges and incorporates Paragraphs 1 – 27 as though fully set forth in Count II.

36. Plaintiff belongs to a class of persons protected from unlawful discrimination by Section 818 of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988 (the "Fair Housing Act") due to retaliation.

37. As described in great detail above in Paragraphs 8 through 20, the Association violated the Fair Housing Act by retaliating against Plaintiff for bringing the 2018 Case by: (1) installing two security cameras in the front and rear of the Subject Property, (2) installing an additional security camera that faced the entry door to the Subject Property, (3) refusing to reorient the additional security camera away from Plaintiff's entry door to the Subject Property, (4) refusing to allow a neighbor to allow Plaintiff to use the neighbor's parking space, and (5) informing other residents in the community not to talk with Plaintiff because of the 2018 Case that Plaintiff filed and the 2019 settlement that resulted from the 2018 Case.

38. The Association's actions of retaliation against Plaintiff for bringing the 2018 Case constitute an unlawful discriminatory housing practice, based on retaliation, in violation of the Fair Housing Act.

39. The Association has unlawfully discriminated against Plaintiff in violation of the Fair Housing Act.

40. As a direct result of the Association's discriminatory practices, Plaintiff has been damaged and is entitled to recover damages pursuant to the Fair Housing Act.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant: (1) finding a discriminatory practice has occurred, (2) ordering the prohibition of the discriminatory practice, (3) providing affirmative relief from the discriminatory practice, (4) awarding actual and punitive damages to Plaintiff as permitted by the Fair Housing Act, (5) ordering Defendant to pay the reasonable attorney's fees and costs charged by Weiss Serota in bringing this action pursuant to the Fair Housing Act, and (6) for such other and further injunctive and equitable relief in favor of Plaintiff and against Defendant that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATE OF ADMISSION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 4(a).

Dated: February 7, 2025.

        WEISS SEROTA HELFMAN
        COLE & BIERMAN, P.L.
        *Counsel for Plaintiff Richard Ferrand*
        2255 Glades Road, Suite 200-E
        Boca Raton, FL 33431
        Telephone: (561) 835-2111

        By: */s/ Matthew T. Ramenda*

        Matthew T. Ramenda
        Florida Bar No. 863076
        Primary: mramenda@wsh-law.com
        Secondary: rburks@wsh-law.com
        David N. Tolces
        Florida Bar No. 816353
        Primary:  dtolces@wsh-law.com
        Secondary:  rseewald@wsh-law.com